UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT A. MERRITT,

    *Plaintiff*,

v.

JONATHAN LAUDERBACH,
CATHERINE DAVIS, DEB FINNEY,
KAREN WAGNER, KATIE GENZEL,
MIDLAND FRIEND OF THE COURT,
and STATE OF MICHIGAN,

    *Defendants*.
_____/

CASE NO: 12-CV-14141

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS**
(Doc. 10)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED**, that the State of Michigan be dismissed on the grounds of immunity, and that the case be **DISMISSED** in its entirety because the complaint fails to state a claim upon which relief can be granted.

## II.    REPORT

### A.    Introduction & Procedural History

On August 16, 2012, Plaintiff Scott A. Merritt filed a *pro se* complaint and application to proceed *in forma pauperis*, which were docketed as case number 1:12-cv-13645. The complaint in that case was a substantive duplicate of the complaint in the instant case. Both complaints

named as defendants a Midland County Michigan Circuit Judge, the Midland County Friend of the Court, several Friend of the Court employees, and the State of Michigan. On September 5, 2012, after screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned recommended that the case be *sua sponte* dismissed for failure to state a claim upon which relief could be granted. (Case No. 1:12-cv-13645 at Doc. 6.) Plaintiff filed objections to the recommendation in that case on September 14, 2012, and then four days later Plaintiff filed the instant lawsuit and paid the filing fee, which avoided the screening requirement of 28 U.S.C. § 1915(e)(2)(B). (Doc. 1.) The instant case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 2.) All Defendants except the State of Michigan filed a motion to dismiss on November 29, 2012. (Doc. 10.) Plaintiff responded on December 3, 2012. (Doc. 11.) The court notified the parties on January 4, 2013, that the motion would be decided without oral argument. (Doc. 13.) I therefore find that the case is ready for report and recommendation.

**B.     Motion Standards**

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules

of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

### C. The Complaint

The complaint alleges that the defendants, in their handling of state court proceedings against Plaintiff for failure to pay child support, inflicted emotional distress upon Plaintiff, defrauded him through the use of contempt and show-cause fees, and committed gender bias by not punishing "the mother" when she did not show up for court. (Compl., Doc. 1 at 2.) Plaintiff

3

also avers that any "potential immunity" of the defendants is "waived by statute[,]" i.e., "statute of frauds, government corruption, civil rights statutes, intentionally violating due process" and "criminal actions which always voids any potential immunity." (*Id.* at 3.)

Plaintiff also contends that his "professional and financial career" was "attack[ed]" by "articles in the Midland Daily News in which said officials disseminated information that was not only not true but a breach of privacy laws" and that the defendants used "their positions for abuse and to perpetuate fraud, defamation of character, slander and numerous other offenses." (*Id.*) Plaintiff states that "new charges of fees were already decisional before I was even notified in writing if notified at all," which was in violation of "due process[.]" (*Id.*)

Plaintiff asserts that "false arrests" were "illegally listed as felonies and resulted in loss of numerous contracts," despite Plaintiff having been the victim of identity fraud and having these false convictions "subsequently removed" with the "assistance of my U.S. congressman, the FBI, Secret Service, department of justice and the Michigan state police." (*Id.* at 3-4.) Plaintiff adds that these "falsehoods were reinserted at the behest of Deb Finney, Karen Wagner and related Midland Friend of the Court officials and this all occurred under the watch of Catherine Davis and Jonathan Lauderbach's watch [sic] who blatantly acted with willful blindness and given the degree of malfeasance complicity is apparent." (*Id.* at 4.) In addition, "Mrs. Genzel also shredded numerous communications and responses to avoid said items being reviewed and I witnessed this on at least 1 occurrence." (*Id.*)

Plaintiff's complaint seeks "[t]he only acceptable outcome [which] is the entire striking of all files permanently due to the falsehoods past and present" and the "returning of all court fees and related expenses of all types for the last decade as well as punitive damages of 1 million per

4

defendant." (*Id.* at 5.) Furthermore, Plaintiff states that the "matter should also be directed to the appropriate authorities for the necessary criminal actions as well." (*Id.*)

Plaintiff has attached to his complaint several state court documents showing he was the victim of identity theft and that criminal records were corrected to reflect the same, as well as documents filed post-judgment in his state court divorce case regarding child support obligations, including orders to show cause why he should not be held in contempt for failure to pay support. In addition, Plaintiff includes a letter from an attorney, Craig Elhart, to the Friend of the Court, Catherine Davis, dated February 15, 2010. (*Id.* at 34.) The letter indicates that Plaintiff "recently obtained a copy of his credit report and found that the State of Michigan Office of Child Support has reported him delinquent in his child support payments," and asserts that "Mr. Merritt vigorously disputes that claim as he believes, not only is he not delinquent in child support, but that he may, in fact, have a credit balance." (*Id.*)

Construing the complaint most liberally, it appears that Plaintiff may be attempting to assert a federal civil rights claim under 42 U.S.C. § 1983 for a violation of due process and state law claims of defamation, fraud, and intentional infliction of emotional distress.

### D.     Defendant State of Michigan

Defendant State of Michigan did not join the motion to dismiss. "Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam). A district court may, however, *sua sponte* dismiss an action at any time for lack of subject matter jurisdiction when the allegations of a complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479.

5

In the instant case, I suggest that the claim against the State of Michigan is so frivolous and devoid of merit that the court should *sua sponte* dismiss the State of Michigan.

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute, nor did it do so under § 1983, *see Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and since the State of Michigan has not consented to suit, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), I suggest that the State of Michigan remains immune from suit under the Eleventh Amendment. As a result, I suggest that the suit against the State of Michigan should be dismissed.

### E. Defendants' Motion to Dismiss

### 1. Whether the Doctrine of *Res Judicata* Bars this Case

Defendants Lauderbach, Davis, Genzel, Finney, Wagner, and Midland Friend of the Court argue that the doctrine of *res judicata* requires dismissal. (Doc. 10, Br. in Supp. at 3.) *Res judicata* is based on the policy that there be an end to litigation, that parties who have contested an issue be bound by the result of the litigation and the court's decision, and that matters once adjudicated shall be considered forever settled as between the parties. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 401, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981). *Res judicata* consists of issue and claim preclusion. Issue preclusion, or collateral estoppel, refers to the effect of a court's judgment

foreclosing relitigation of an issue that has been litigated and decided; whereas, claim preclusion refers to the effect of a court's judgment in foreclosing further litigation of a claim that has never been actually litigated by the parties and decided by a court, but which could have been advanced and litigated by the party in the earlier lawsuit. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). In the instant case, Defendants have raised the issue preclusion form of *res judicata.* (Doc. 10 at 8-9.)

Issues are precluded from being relitigated under *res judicata* where: (1) a final decision was made on the merits by a court of competent jurisdiction; (2) the subsequent action involves the same parties or their privies; (3) the issue in the subsequent action was litigated or should have been litigated in the prior action; and (4) there is an identity of the causes of action. *Bragg v. Flint Bd. of Educ.,* 570 F.3d 775, 776 (6th Cir. 2009).

In the instant case, the prior decision concerned a virtual duplicate of the complaint filed in the instant case and it was recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted. Although the parties were the same, the issues were the same, and there is an identity between the prior case and this one, the recommendation that the case be dismissed was never adopted (or rejected) by the district court and the case remains open. *See* E.D. Mich. Case No. 1:12-cv-13645. Therefore, although Defendants allege that the district court has made a final decision on the merits in the earlier case, it has not.[1] I therefore suggest that *res judicata* does not preclude the instant action at this point in time.

---

[1] I note that if there had actually been a dismissal, a dismissal under 28 U.S.C. § 1915(e) would have "constitute[d] an adjudication on the merits for purposes of res judicata." *Burton v. Cleveland Ohio Empowerment Zone*, 102 Fed. App'x 461, 463 (6th Cir. 2004).

7

### 2. Defendant Midland Friend of the Court

Plaintiff has named the Midland County Friend of the Court as a defendant in this lawsuit. The Midland County Friend of the Court is an arm of the Midland County Circuit Court. Mich. Comp. Laws § 552.503(1) (creating office of Friend of the Court in each judicial circuit). The circuit courts are arms of the state and thus, immune from suit. *See, e.g., Nicklay v. Eaton County Circuit Ct.*, No. 1:08-cv-211, 2008 WL 2139613, at *5 (W.D. Mich. May 20, 2008); *Judicial Attorneys Ass'n v. State of Mich.*, 586 N.W.2d 894, 897-98 (Mich. 1998) (judiciary is a separate and independent branch of the state government). Therefore, the Michigan circuit courts are part of the state and not of the local, county, or city government. *Judges of the 74th Judicial Dist. v. Bay County*, 190 N.W.2d 219, 224 (Mich. 1971). As a result, Eleventh Amendment immunity cloaks the state courts as it does the state itself. *Harmon v. Hamilton County Ct. of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003).

Even if the Midland County Friend of the Court were considered a county department rather than an arm of the state circuit court, the result would be the same. As stated above, the first element of a claim under § 1983 is that the defendant must be a person acting under the color of state law. *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). It is well-settled that a county department is not a legal entity capable of being sued, nor is it a "person" for purposes of a § 1983 action. *See Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997); *Haverstick Enter., Inc. v. Financial Fed. Credit, Inc.,* 803 F. Supp. 1251, 1256 (E.D. Mich. 1992). Accordingly, I suggest that this claim is subject to dismissal for failure to state a claim upon which relief can be granted.

### 4. Defendant Lauderbach

I likewise suggest that Plaintiff has failed to state a claim against Defendant Midland County Circuit Judge Jonathan Lauderbach because he was acting in his judicial capacity in a state court case over which he had jurisdiction, and therefore he enjoys immunity from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (stating that "[t]he Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983"). The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347, 20 L. Ed. 646 (1871)). Judicial immunity is overcome in only two situations. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11 (citations omitted). Since none of the exceptions to judicial immunity are alleged here, I suggest that Defendant Lauderbach is protected from suit by absolute judicial immunity and that all claims against him should be dismissed.

### 5. Defendants Davis, Finney, Wagner, and Genzel

Defendant Catherine Davis is the Midland County Friend of the Court and Defendants Deb Finney, Karen Wagner, and Katie Genzel are employees of the Midland County Office of the Friend of the Court. The Friend of the Court and the employees of that office "enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (citing *Pierson v. Ray*, 386 U.S.

547, 553-54, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967)). *See also Johnson v. Granholm*, 662 F.2d 449, 450 (6th Cir. 1981) (immunity applies to Michigan friends of the court in performing their duties); *Trowbridge v. County of Eaton*, No. 1:05-CV-770, 2006 WL 1997390 (W.D. Mich. July 14, 2006) (acts of Friend of the Court employees performed within the scope of their duties entitle them to immunity under § 1983); and *Nowicki v. Bruff*, No. 95-2233, 1996 WL 694141 (6th Cir. Dec. 3, 1996) (Friend of the Court employees entitled to quasi-judicial immunity from suit for money damages). This is so because when employees of the Friend of the Court provide information to the court concerning child custody or support that is "akin to making recommendations to the court, a function that is 'intimately related to the judicial phase of the child custody proceedings,' and therefore protected by absolute immunity." *LeBeau v. Michigan Dep't of Human Servs.*, No. 10-12624, 2011 WL 4962386, at *7 (E.D. Mich. Oct. 19, 2011) (citing *Rippy v. Hathaway*, 270 F.3d 416, 422-23 (6th Cir. 2001)); *accord Zindler v. Rogers*, No. 1:11-cv-770, 2011 WL 4346393, at *4 (W.D. Mich. Aug. 23, 2011). Such immunity applies "even to misrepresentations made in such capacity." *LeBeau* at *7 (citing *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 725-26 (6th Cir. 2011)). Since the allegations all fall within the scope of these Defendants' performance of their job functions, I suggest that they are entitled to immunity and, thus, that the claims against them should be dismissed.

### F.  Conclusion

For the reasons stated above, I suggest that Defendants' motion to dismiss should be granted and that Defendant State of Michigan should also be dismissed because Plaintiff has failed to assert a claim upon which relief can be granted.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                s/ Charles E Binder
                                                CHARLES E. BINDER
Dated: February 28, 2013                   United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Scott A. Merritt, P.O. Box 725, Bay City, MI 48707.

Date: February 28, 2013                    By    s/Patricia T. Morris
                                                    Law Clerk to Magistrate Judge Binder