UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT A. MERRITT,

    Plaintiff,

v.

Case No. 12-14141
Honorable Thomas L. Ludington

JONATHAN LAUDERBACH,
CATHERINE DAVIS, DEB FINNEY,
KAREN WAGNER, KATIE GENZEL,
MIDLAND FRIEND OF THE COURT,
and STATE OF MICHIGAN,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL, ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING PLAINTIFF'S COMPLAINT**

The seven Defendants in this case are the same defendants in another case Plaintiff has filed (Case No. 12-13645). Today's Court order in that case dismisses Plaintiff's complaint against each of the seven Defendants, over Plaintiff's objection, because they are immune from suit. This case, filed on September 18, 2012, arises from the same complained of activity — imposition of court fees and costs — and likewise boils down to a federal civil rights claim under 42 U.S.C. § 1983 for a violation of due process.

On November 29, 2012, Defendants filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff also filed a motion for Recusal on January 22, 2013. On February 28, 2013, Magistrate Judge Charles E. Binder issued a report recommending Defendants' motion be granted, but not addressing the motion for recusal. Based on the following, Plaintiff's motion for recusal will be denied, Defendants' motion will be granted, and Plaintiff's complaint will be dismissed.

**I**

Before reaching the report and recommendation, Plaintiff's motion for my recusal must be addressed.

Plaintiff requested that I recuse myself because, in his words, I have "a long standing relationship with multiple defendants," and because I was formerly employed as a judge by Midland County. Pl.'s Mot. 1, ECF No. 14. According to Plaintiff, "[t]his well established and well publicly known knowledge relationship presence an obvious conflict in the case." *Id*. Plaintiff continues that as a judge in Midland County, I "served with several of the defendants . . . and these relations span many years and is deemed both professional and personal in nature." *Id*. According to Plaintiff, "this obvious conflict of interest" will result in "obvious favoritism and professional courtesy that will be extended." *Id*. Finally, Plaintiff concludes that I must recuse myself "immediately, otherwise [he] will be forced to file and take formal action." *Id*.

**A**

It is important to note that "a judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.' " *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (unpublished opinion) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). "The burden is not on the judge to prove that he is impartial." *Scott*, 234 F. App'x at 352 (citing *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)). Recusal can be sought under two different sections of title 28 of the United States Code.

Title 28 U.S.C. § 144, entitled Bias or prejudice of judge, provides as follows:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . .

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Recusal is mandatory under § 144 once a party submits a timely, sufficient affidavit and his counsel certifies that the affidavit is made in good faith. *Scott*, 234 F. App'x at 352 (citing *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)).

Plaintiff has filed no such affidavits in this case. Accordingly, my recusal can only be grounded in 28 U.S.C. § 455.

**B**

Title 28 U.S.C. § 455 provides, in relevant part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>     (1) Where he has a personal bias or prejudice concerning a party.

28 U.S.C. § 455. "In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Jamieson*, 427 F.3d at 405 (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003)).

A district court judge must recuse himself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is objective and is not based 'on the subjective view of a party.'" *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990). Nonetheless, a motion for recusal should not be

granted lightly; as the late Chief Justice Rehnquist noted, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (emphasis omitted).

### C

A hearing was held concerning Plaintiff's motion for recusal on February 12, 2013. I discussed with Plaintiff the reason he moved for my recusal: my work as a judge for Midland County. I explained that I did work with three of the individual Defendants — employees of the Friend of the Court during my tenure — and that Jonathan Lauderbach succeeded me to that bench in 2006. I invited Plaintiff to advance any questions he might have beyond that historical relationship. He offered none.

While it is true I worked as a judge for Midland County, and with many of the individual Defendants, the relationships did not extend beyond my duties as judge and colleague. While familiar and friendly, there is nothing "extrajudicial" about my relationships with any of Defendants at this point. *See Jamieson*, 427 F.3d 405. Further, Plaintiff has elicited no evidence, save his statements that my "bias is obvious," to carry his burden of establishing why my recusal is warranted. Noting that it is my duty to sit where not disqualified, the lack of any extrajudicial relationship between myself and the parties to this case, and Plaintiff's failure to produce evidence to the contrary, Plaintiff's motion for my recusal will be denied.

### II

Having addressed Plaintiff's motion for recusal, the magistrate judge's report and recommendation will be adopted. As of today's date, no party has filed any objections to the magistrate judge's report and recommendation. The election to not file objections to the

magistrate judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III

Accordingly, it is **ORDERED** that Plaintiff's motion for recusal, ECF No. 14, is **DENIED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 17, is **ADOPTED**.

It is further **ORDERED** that Defendants' motion to dismiss, ECF No. 10, is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** with prejudice.

Dated: March 19, 2013                                          s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 19, 2013.

                          s/Tracy A. Jacobs
                          TRACY A. JACOBS